UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VIDENT,<br><br>        Plaintiff,<br><br>   v.<br><br>DENTSPLY INTERNATIONAL INC.,<br><br>        Defendant. | No. SACV 06-1141 PSG (ANx)<br><br>**ORDER REGARDING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |

# ORDER REGARDING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

Pursuant to and based on the May 6, 2008 Stipulation of plaintiff Vident and defendant Dentsply International, Inc., and pursuant to Fed. R. Civ. P. 26(c)(1)(G), the COURT HEREBY ORDERS that the designation and handling of confidential materials in this case shall be governed by the terms set forth in this Order.

**A.    DEFINITIONS**

1.    As used herein:

(a)    "**CONFIDENTIAL INFORMATION**" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, produced by or in the possession of any **PROTECTED PERSON** (as defined below).

(b)    "**HIGHLY CONFIDENTIAL INFORMATION**" means any discovery material that a producing **PARTY** or **PROTECTED PERSON** believes in good faith is **CONFIDENTIAL INFORMATION**, but the disclosure of which to any other **PARTY** could jeopardize the **PARTY'S** or **PROTECTED PERSON'S** business interests such that greater limitations on disclosure are necessary than for **CONFIDENTIAL INFORMATION**.

(c)    "**DISCLOSED**" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part;

(d)    "**DOCUMENT**" is defined as the term is used in Fed. R. Civ. P. 34(a);

(e)    "**PARTY**" or "**PARTIES**" means plaintiff and/or defendant;

(f)    "**PROTECTED PERSON**" means any non-party who, (i) voluntarily, or (ii) in response to discovery requests in this action from either party, produced or produces any information to either party in connection with this action;

1  or (iii) produced information that is part of the **DOJ THIRD PARTY CONFIDENTIAL PRODUCTION** (as defined below);

3  (g) "**THIS ACTION**" means the above-captioned action pending in this Court, including any pretrial, discovery, post-trial, or appellate proceedings; and

5  (h) "**DOJ THIRD PARTY CONFIDENTIAL PRODUCTION**" means any documents produced voluntarily or by subpoena by third parties in the Matter *United States v. Dentsply International Inc.*, Case No. 99-0005-SLR (D. Del.).

**B.  DESIGNATION OF INFORMATION AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL**

2. A **PARTY** or **PROTECTED PERSON** may designate as Confidential or Highly Confidential any information it hereafter discloses, either voluntarily or pursuant to discovery in this action, to either **PARTY** in connection with this action, to the extent such information constitutes **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** as defined in this Order. Such designations shall constitute a representation to the Court that such **PARTY** or **PROTECTED PERSON** (and counsel, if any) in good faith believes that the information so designated constitutes **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION**. Any production of information without its being designated as **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** shall not thereby be deemed a waiver of any claim of confidentiality concerning such information, and the same may thereafter be designated as **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION**.

3. The **DOJ THIRD PARTY CONFIDENTIAL PRODUCTION** will be considered **HIGHLY CONFIDENTIAL INFORMATION** until ordered otherwise by the Court pursuant to the procedure in Paragraph 8 below.

4. If, at any time, a **PROTECTED PERSON** files a motion seeking to modify the Protective Order or to prevent one **PARTY** from producing to the other

**PARTY** any information that the **PROTECTED PERSON** has produced, such information, if not already produced, shall not be produced until an Order issues from the Court providing for such production.

5. A **PARTY** or **PROTECTED PERSON** designating information as confidential shall stamp or label the face of each **DOCUMENT** or disk containing electronic data with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If the entire **DOCUMENT** is not confidential or highly confidential, the **PARTY** or **PROTECTED PERSON** shall specify on the first page of the **DOCUMENT** the portions of the **DOCUMENT** that contain **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION**. Any marks on the **DOCUMENT** shall be made so as not to interfere with the legibility of the **DOCUMENT**.

6. Depositions.

(a) During the course of a deposition, counsel for the respective **PARTIES** or **PROTECTED PERSONS** may identify, on the record, and in good faith, those portions of deposition transcripts and exhibit(s) to the depositions that contain or refer to **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION**. Thereafter, the portions of deposition transcripts and exhibits so identified, and all copies and synopses thereof, shall be marked in accordance with paragraph 5 of this Protective Order, in a manner that does not interfere with the legibility of the **DOCUMENT**. Such designations shall constitute a representation to the Court that such **PARTY** or **PROTECTED PERSON** (and counsel, if any) in good faith believes that the information so designated constitutes **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION**.

(b) If an exhibit is used in a deposition that has previously been designated in accordance with paragraph 5 of this Protective Order and the **PROTECTED PERSON** who so designated the exhibit is not present at the deposition,

- 3 -

the exhibit shall be treated consistent with the designation, as will the portions of the transcript discussing or relating to that exhibit. Nothing in this subsection is deemed a waiver of the restrictions of paragraphs 10 and 11 with respect to those persons who may have access to **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION**.

7. This Order shall not apply to information in the public domain or that rightfully enters the public domain regardless of whether such information is also contained in materials designated as confidential pursuant to this Order.

8. Provided that the **PARTY** has complied with the procedures set forth herein, this Order shall be without prejudice to the right of any **PARTY** to bring before the Court the questions of whether particular information designated as Confidential is appropriately designated and whether particular information designated Confidential is or is not discoverable or admissible evidence at any evidentiary hearing or at trial in this case. It shall be the burden of the **PARTY** asserting the confidentiality of particular information to demonstrate that the designation is proper. Disputes regarding designations shall be presented to the Court pursuant to Local Rule 37-2, and the **PARTIES** agree that the Court may resolve any such disputes on the papers without oral argument. By complying with this Protective Order a **PARTY** does not concede that any information designated by any **PARTY** or **PROTECTED PERSON** as Confidential is in fact Confidential as that term is defined in Paragraphs 1(a) & 1(b) of this Order. However, no information designated as Confidential pursuant to this Order shall be **DISCLOSED**, except as provided herein, unless and until the Court orders the release of such information from the confidentiality provisions of this Order.

C. **DISCLOSURE OF CONFIDENTIAL INFORMATION**

9. Except as otherwise authorized by this Order, all persons obtaining access to **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL**

- 5 -

**INFORMATION** in connection with this action shall use that information only for preparation and trial of **THIS ACTION**, including any appeal and retrial, and shall not use such **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** for any other purpose, including the furtherance of that person's business interests, or in any administrative or other proceeding.

10. Except as otherwise authorized by this Order, information designated as **HIGHLY CONFIDENTIAL INFORMATION** shall be used only in connection with **THIS ACTION**, shall not be **DISCLOSED** to any person other than the individuals set forth below, may be **DISCLOSED** only as necessary in connection with this action to the individuals set forth below, and may be used by those individuals only as necessary in connection with this action:

(a) the Court and all persons assisting the Court in **THIS ACTION**, including court reporters and stenographic or clerical personnel;

(b) outside counsel working as an attorney of record for a **PARTY** in connection with **THIS ACTION** and the employees of such outside counsel; contract paralegals, secretaries, and other administrative personnel working for outside counsel in connection with this action; and any persons employed or retained as data base managers or as litigation support personnel for outside counsel in connection with **THIS ACTION**, and their employees;

(c) economic, survey, industry, technical, legal, or other experts or consultants, retained by a **PARTY** to assist in the conduct of **THIS ACTION**, including, to the extent necessary for purposes of **THIS ACTION** only, employees of the firm with which the expert or consultant is associated, provided that disclosure may only be made to experts and staff that are not employed or affiliated in any other way with either **PARTY**, or with any of their competitors;

(d) authors, addressees, and recipients of particular information designated as confidential solely to the extent of **DISCLOSING** such information of which they are an author, addressee, or recipient; and

(e) persons (and their agents) who have had prior access to **HIGHLY CONFIDENTIAL INFORMATION**, or who have been participants in a communication that is the subject of the **HIGHLY CONFIDENTIAL INFORMATION** and from whom verification of or other information about that access or participation is sought, solely to the extent of **DISCLOSING** such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be **DISCLOSED** as may be necessary to confirm the person's access or participation.

11. Except as otherwise authorized by this Order, information designated as **CONFIDENTIAL INFORMATION** shall be used only in connection with **THIS ACTION**, shall not be **DISCLOSED** to any person other than the individuals set forth below, may be **DISCLOSED** only as necessary in connection with this action to the individuals set forth below, and may be used by those individuals only as necessary in connection with this action:

(a) The persons identified in Paragraph 10 above;

(b) Employees of the **PARTIES**, not to exceed three in number for each **PARTY**, that have a need to know the information in order to assist the parties in the litigation; and

(c) In-house counsel for the **PARTIES**.

12. **CONFIDENTIAL INFORMATION** and **HIGHLY CONFIDENTIAL INFORMATION** shall not be copied or reproduced except to the extent such copying or reproduction is necessary to the conduct of this action, and all such copies and

1  reproductions shall be subject to the terms of this Order. If the duplicating process
2  by which copies and reproductions of **CONFIDENTIAL INFORMATION** or **HIGHLY**
3  **CONFIDENTIAL INFORMATION** are made does not preserve the confidentiality
4  designations that appear on the original **DOCUMENTS**, all such copies and
5  reproductions shall be stamped as appropriate.

6       13.  Each individual described in Paragraph 10 or Paragraph 11 above, to
7  whom information designated as confidential is **DISCLOSED**, shall not **DISCLOSE**
8  that information to any other individual, except as provided in this Order, or use it
9  for any purpose other than in connection with **THIS ACTION**. Before any
10 information designated as confidential may be disclosed to any person described in
11 Paragraph 10 or Paragraph 11 above, that person shall have first read this Order or
12 shall have otherwise been instructed, by this Court or by counsel for a party, in that
13 person's obligations under the Order. Additionally, before any information
14 designated as confidential may be **DISCLOSED** to any person described in Paragraph
15 10(c) or in Paragraph 11(b) and (c), with the exception of a member of secretarial,
16 clerical, or other support staff including contracted litigation support, or outside
17 counsel representing a **PARTY**, that person shall have executed the agreement
18 included as Appendix A hereto. The counsel for the **PARTY** making the
19 **DISCLOSURE** shall retain the original of such executed agreement for a period of at
20 least one year following the final resolution of this action.

21      14.  Notwithstanding the provisions of Paragraphs 9, 10, 11, 12 and 13
22 above, nothing in this Order shall:

23      (a)  limit a **PARTY'S** or **PROTECTED PERSON'S** use or **DISCLOSURE**
24 of its own information;

25      (b)  prevent a **PARTY**, subject to taking appropriate steps to preserve
26 the confidentiality of such information, from **DISCLOSING** information designated
27 as confidential either:

28

        (1)    to another court of law; or

        (2)    as may be required by law.

15.    The **PARTY** intending to make any **DISCLOSURE** pursuant to Paragraph 14(b) shall give notice to that effect to the producing **PROTECTED PERSON** at least ten (10) business days prior to making any such **DISCLOSURE**.

### D.    USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION IN LITIGATION

16.    If any **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** is contained in any pleading, motion, exhibit, or other paper filed with the Court, the party filing such **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** shall file the document(s) containing the **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** to the Clerk of the Court in a sealed envelope with the following designation on the face of the envelope: "This envelope contains information designated as confidential pursuant to Order of the Court and may not be disclosed without further order of the Court." Such papers shall nevertheless be furnished to the Court, the plaintiff's and defendant's outside counsel. Notwithstanding the foregoing, this Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule or order of the Court pursuant to Local Rule 79-5.

17.    Evidence and information introduced at any evidentiary hearing or at trial shall not be treated as **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** unless designated by order of the Court as such.

### E.    TERMINATION AND MODIFICATION

18.    Within ninety (90) days after receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** shall either make a good faith effort to return such **CONFIDENTIAL INFORMATION** or

1 **HIGHLY CONFIDENTIAL INFORMATION** and all copies thereof to counsel for the
2 **PARTY** or **PROTECTED PERSON** that produced it, or destroy all such **CONFIDENTIAL**
3 **INFORMATION** or **HIGHLY CONFIDENTIAL INFORMATION** and certify that fact in
4 writing to the **PARTY** or **PROTECTED PERSON**. All **CONFIDENTIAL INFORMATION**
5 or **HIGHLY CONFIDENTIAL INFORMATION** returned to the **PARTIES** or their counsel
6 by the Court likewise shall be disposed of in accordance with this Paragraph.
7 Nothing in this provision, however, shall restrict the rights of the **PARTIES** under
8 Paragraph 14 retain and use **CONFIDENTIAL INFORMATION** or **HIGHLY**
9 **CONFIDENTIAL INFORMATION** as otherwise required by law.

10     19. Nothing in this Order shall prevent either **PARTY** from seeking
11 modification of this Order upon motion duly made pursuant to the Rules of this
12 Court nor shall it prevent a **PROTECTED PERSON** from making a motion, pursuant
13 to paragraph 4 of this Order, duly made pursuant to the Rules of this Court.

15 PURSUANT TO STIPULATION, IT IS SO ORDERED.

17 Dated: _May 7, 2008                    /s/ ARTHUR NAKAZATO
                                                      United States Magistrate Judge

**APPENDIX A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDENT,<br><br>        Plaintiff,<br><br>    v.<br><br>DENTSPLY INTERNATIONAL INC.,<br><br>        Defendant. | No. SACV 06-1141 PSG (ANx)<br><br>AGREEMENT CONCERNING CONFIDENTIALITY |

      I, _____, am employed as a _____ by _____. I hereby certify that:

      1.    I have read the Protective Order entered in the above-captioned action, and understand its terms.

      2.    I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purposes of this litigation.

      3.    I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

      4.    I submit to the jurisdiction of the United States District Court for the Central District of California solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

      5.    I make this certificate this \_\_\_ day of _____, _____.

                                                    _____
                                                              (SIGNATURE)