O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #119

CIVIL MINUTES - GENERAL

| Case No. | SA CV 06-1141 PSG (ANx) | Date | Aug. 29, 2008 |
|---|---|---|---|
| Title | Vident v. Dentsply International, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**   **(In Chambers) Order on Plaintiff's Motion for Review of the Magistrate Judge's Orders Dated July 8 and July 21, 2008 on Vident's Motion to Compel**

Before this Court is Vident's Motion for Review of the Magistrate Judge's Orders Dated July 8 and July 21, 2008 on Vident's Motion to Compel. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.   BACKGROUND

Vident has brought a lawsuit against Dentsply International, Inc. ("Dentsply") alleging an antitrust injury. Both Vident and Dentsply are engaged in the business of selling prefabricated artificial teeth, and Vident claims that Dentsply has monopoly power in the market for the sale of artificial teeth in the United States. (Complaint, ¶ 4.)  Vident's complaint asks for antitrust damages and a permanent injunction against Dentsply's anti-competitive practices.

Previously, the Antitrust Division of the Department of Justices brought a civil antitrust enforcement action against Dentsply. The Government alleged that Dentsply (1) used unlawful agreements in restraint of interstate trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (2) acted unlawfully to maintain a monopoly in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; and (3) entered into illegal restrictive dealing agreements prohibited by Section 3 of the Clayton Act. On August 8, 2003, the Delaware district court entered its judgment in *U.S. v. Dentsply Intern., Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) and held that "Dentsply ha[d] not violated § 1 or 2 of the Sherman Act or § 3 of the Clayton Act." *Id.* at 454. On the government's subsequent appeal of the district court's ruling on the Section 2 claim, the Third

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #119

CIVIL MINUTES - GENERAL

| Case No. | SA CV 06-1141 PSG (ANx) | Date | Aug. 29, 2008 |
|---|---|---|---|
| Title | Vident v. Dentsply International, Inc. | | |

Circuit overruled the district court's Section 2 decision in *U.S. v. Dentsply Intern., Inc. ("Dentsply II")*, 399 F.3d 181 (3rd Cir. 2005) and remanded the case to the district court.

In the present case, Vident brought a motion asking that the Court apply collateral estoppel to twenty-four issues that Vident claimed had been decided in the previous litigation between the United States and Dentsply. On June 5, 2008, the Court granted Vident's motion and found that collateral estoppel should be applied to the twenty-four issues.

Then, in building its damages case, Vident brought a motion before Magistrate Judge Nakazato seeking to compel Dentsply's production of documents relating to Dentsply's sales and marketing in Canada. On July 8, 2008 and July 21, 2008, Magistrate Judge Nakazato denied Vident's motion to compel. Vident now seeks to have this Court overrule Magistrate Judge Nakazato's July 8 and July 21 orders.

II. LEGAL STANDARD

   A. Review of a Magistrate Judge's Discovery Orders

Federal Rule of Civil Procedure 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). This accords with the federal statute governing the duties and powers of magistrate judges. 28 U.S.C. § 636(b)(1)(A) states:

> A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, [with several exceptions] ... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (2008).

"The clearly erroneous standard applies to the magistrate judge's factual findings while

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**LINK #119**

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 06-1141 PSG (ANx) | Date | Aug. 29, 2008 |
|---|---|---|---|
| Title | Vident v. Dentsply International, Inc. | | |

the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).

"When reviewing discovery disputes, however, 'the Magistrate is afforded broad discretion which will be overruled only if abused.'" *Id.* (citing *Wright v. FBI*, 385 F. Supp. 2d 1038, 1041 (C.D. Cal. 2005); *Geophysical Sys. Corp. v. Raytheon Co.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987)). This is because discovery disputes can involve questions of relevancy that are traditionally left to the discretion of the trial court. *Geophysical Sys. Corp.*, 117 F.R.D. at 647 (citation omitted). In considering whether a magistrate judge has committed an abuse of discretion in making a relevancy determination, "[t]he test of relevance in the discovery context is a very broad one. ... More precise evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or *in limine*." *Id.*

B. Allowable Discovery of Relevant Information

Federal Rule of Civil Procedure ("FRCP") 26(b) establishes the scope of allowable discovery and states:

(1) Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Furthermore, FRCP 26(b)(2) limits discovery in certain circumstances by establishing:

(C) ... On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #119

CIVIL MINUTES - GENERAL

| Case No. | SA CV 06-1141 PSG (ANx) | Date | Aug. 29, 2008 |
|---|---|---|---|
| Title | Vident v. Dentsply International, Inc. | | |

Fed. R. Civ. P. 26(b)(2).

III.   DISCUSSION

Here, Vident challenges Magistrate Judge Nakazato's orders denying Vident's motion to compel Dentsply to produce information regarding Dentsply's Canadian business information. Vident argues that the magistrate judge erred because he held that the definition of the relevant market in the case determines the scope of allowable discovery. According to Vident, the magistrate judge found that the relevant market included only the United States, but the magistrate judge further held, in error, that only documents relating to Dentsply's United States market were relevant and discoverable. In opposition, Dentsply argues that Vident merely disagrees with the magistrate judge's decision that Dentsply's Canadian business information is not relevant to the current case, a decision which should be given deference.

A.   The Magistrate Judge's Orders

On July 8, 2008, the magistrate judge issued his first ruling on Vident's motion to compel Dentsply to produce certain documents. The magistrate judge considered both Vident's desire to obtain documents relating to Dentsply's Canadian business and Dentsply's desire limit its production of documents. He held that:

> [T]he relevant scope of discovery embraces Dentsply's sales information, both actual and projected, for artificial teeth and related component products (including the sales of porcelains, acrylics and shade guides), sold in the United States, from the time [Dealer Criterion 6] was implemented and continuing through April 26, 2008. To the extent Dentsply's time, geographic, product, and projected sales objections attempt to further narrow the nature and scope of the disputed requests, Dentsply's objections are overruled ... Conversely, to the extent Vident seeks to compel Dentsply to provide responsive information beyond the aforementioned relevant scope, Dentsply's general objections are sustained.

(Magistrate Judge's July 8, 2008 Order, p. 3-4.) In reaching his conclusions, the magistrate judge relied on the fact that, in the previous litigation between the United States and Dentsply, the Third Circuit had found that "[t]he relevant market here is the sale of artificial teeth in the United States both to laboratories and to the dental dealers." *Dentsply II*, 399 F.3d at 188.

Then, on July 21, 2008, the magistrate judge issued another order clarifying the scope of

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**LINK #119**

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 06-1141 PSG (ANx) | Date | Aug. 29, 2008 |
|---|---|---|---|
| Title | Vident v. Dentsply International, Inc. | | |

Dentsply's duties to produce documents regarding its Canadian business. The magistrate judge stated that "[t]he relevant geographic market is only the United States and does not include Canada. Dentsply does not have to produce Canadian sales information." (July 21, 2008 Magistrate Judge Order, p. 1.)

      B.     Review of the Magistrate Judge's Orders

Here, the Court finds that the magistrate judge's discovery orders should be upheld. He determined that the scope of the relevant market is the United States and does not include Canada, and thus, he refused to order Dentsply to produce documents regarding its Canadian business. The magistrate judge's rulings implicitly found that documents pertaining to Dentsply's Canadian business were not relevant to help determine the state of Dentsply's United States business.

Vident argues that documents regarding Dentsply's Canadian business are relevant to this case because they could help prove the state of Dentsply's United States business, but Vident does not support this argument convincingly. Vident merely makes the argument that these documents could be relevant. However, this argument is not enough to overcome the deference this Court will allow the magistrate judge's discovery orders. Vident fails to convince this Court that the magistrate judge's discovery orders were "clearly erroneous" because Vident does not show that documents relating to Dentsply's Canadian business are "reasonably calculated" to lead to the discovery of relevant and admissible evidence regarding the state of Dentsply's United States business.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, this Court AFFIRMS the magistrate judge's July 8 and July 21, 2008 discovery orders.

**IT IS SO ORDERED.**